**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| WILLIE FRANK WRIGHT, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:13-CV-56 (HL) |
| STATE OF GEORGIA, | : | |
| | : | |
| Respondent. | : | **O R D E R** |

*Pro se* Petitioner **WILLIE FRANK WRIGHT, JR.**, an inmate at Wheeler Correctional Facility, has filed a document entitled "Notice of Bootstrap," which the Clerk's Office docketed as a habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1).   It appears that such characterization is correct, as Petitioner challenges his state court conviction.[1]   *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Although not a model of clarity, the petition alleges at least two reasons for Petitioner's challenge to his state conviction.   First, Petitioner appears to assert that a Georgia statute – O.C.G.A. § 9-11-60(a) – affords him habeas relief.   Second, he asserts that his state court conviction was obtained without subject matter jurisdiction.

Regardless of the ultimate merits of Petitioner's case, his filing fails to allege that he has exhausted his state court remedies.   It is well-settled that exhaustion of state court remedies is

---

[1]   Petitioner filed a motion raising claims very similar to the instant filing, which Magistrate Judge Charles H. Weigle denied as inappropriate in an action under 42 U.S.C. § 1983. **See *Wright v. Simmons***, 5:11-cv-394-HL-CHW (Doc. 39).

1

required before a habeas corpus petitioner can proceed in federal court.  ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under section 2254). The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

***Mason v. Allen***, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); ***see also O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999).   There is no suggestion that Petitioner has challenged his state conviction, either on direct appeal or through a state habeas action.

Moreover, Petitioner must complete and submit this Court's section 2254 habeas form if he wishes to challenge his state court conviction (after exhausting all of his state court remedies). The Clerk's Office is **DIRECTED** to forward a copy of such form to Petitioner.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2]

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability

---

[2]   Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.  ***See McFarland v. Scott***, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).   The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 15th day of February, 2013.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr